Good morning, Your Honors. My name is Emory Allen. I'm here representing the appellant. Your Honor, this is the issue raised here, is whether there was good cause pursuant to Rines v. Weber for failure to exhaust remedies in the state court. Basically, did the judge abuse his discretion and refusing to grant remedies? I believe that the judge did, in fact, abuse his discretion for the following reason. This case, although it's factually not 100 percent on point, policy-wise, it's on all fours. This is a Pace case, Pace v. Guglielmo. In there, the issue was a protective petition to protect the timeframe. Here, it's a protective petition to protect against the hazard of procedural default, because if one is going to file, seek habeas relief in the California State Supreme Court, it behooves one to file a single petition. Now, although it's not of precedential value, I'd call the Court's attention to, it's in our excerpts of record, in another case called McNally v. Fraunheim, where there was no, I believe it's in page 93 of our excerpts of record, I could be incorrect on that, but the point is, there was no petition that had been filed, but the Court said, okay, pursuant to Pace, file a petition, file the exhaustion petition in the State Supreme Court, keep me posted, like whatever it was, every 30, every 45 days. And if you're not doing anything, then we're going to dismiss the petition. The mistake that the district court made here was, Pace doesn't have anything to do with it, because there was no petition, there was no state petition filed. That's simply not the, that's not the standard. Help me with the standard before we get to the facts. Is it part of the legitimate consideration by the district judge in deciding whether to grant stand-abands, whether or not the habeas petitioner in federal court was, how do I want to say it, negligent, inattentive, or not paying attention to what he was supposed to be doing in terms of pursuing his remedies in the state court? Is that a legitimate consideration? I believe it is. Yeah, so that, if it is a while he files two petitions in post, for post-conviction review in the state superior court, and he's represented at this point, it's not pro se, he's represented, there's no attempt on either of those to file in the California Supreme Court, yet the law is clear as can be that you've got to exhaust in the highest court. And it would have been fairly simple matter, I think he probably would have got a postcard denial, but that would have satisfied it, but it meantime, he's, and this is something that was ignored in the district court, he is investigating, this has been an ongoing investigation. At the outset, when he's in prison, and he's got like a 2,700 page record to review, he is bewildered, he is confused, he believes that his appellate attorney at that time has abandoned him, which is basically what's happened. I mean, he's calling him and writing to him and saying, what are my time frames? And the guy is saying, get away from me, I'm not even going to tell you what the time frames are. So at that there is no way that this guy is setting up a record for appellate review. I mean, this guy is, he's just a guy. He is legitimately confused. Now, later, and also quite angry, and I don't think that's completely unreasonable. Now, both the district court and the attorney general say, well, subsequent to that, and I think this is getting to the court's point. Yeah, that's the second point you're about to get to. Yeah, he could have done this. Well, first of all, as we say in our pleadings, it's not what he could have done, it's whether what he did do was reasonable. But at that point, and I confess, I'm part of this here, because he brought me into this case. We are trying to get, we are investigating various angles. One of those is a possible witness who is an exonerating witness, the co-defendant who is, who could hopefully give us factual exoneration. These events took place, Mr. Putnam's out of town on business. The witness has access to his car. They're not necessarily boyfriend, girlfriend, but she has access to his car. His house is a crash pad once in a while. He comes back from out of town, comes to find out he's being arrested for trafficking. I mean, meantime, if somebody is going to be able to clear him, it's going to be co-defendant. Unfortunately, co-defendant is also charged. We can't get to her. We can't reach her. We can't do anything. I read the unsigned proposed affidavit. Even the unsigned affidavit is a little bit squirrely. I mean, if I'm peeking forward to the merits, if that's your case, you lose. Well, if I would be willing to litigate that, but I mean, it is a, I think it's a, I think I would, without having it in front of me at the moment, on the merits, I think that it's a significant, I think it was worth pursuing at the time. It was better than nothing, I guess, that's for sure. Yeah. And just in the quagmire of California Supreme Court practice, as I said, it behooves a person to file one petition if you can. And the problem that I have with the district court is they gave no weight whatsoever to either the pace issue or to the question of whether the co-defendant was available or not available or anything that the person might say because they say, oh, well, that would be pace and that has nothing to do with it. I think that if he had done what the district court judge did in the other case, in the McNally case that I cite, they said, well, okay, give the guy a shot. Give the guy his day in court, his bite at the apple. Keep us track, you know, keep track with us of what's your progress, of what's going on. But he didn't do that and I think it, he was basically saying that the district court judge in McNally was wrong, did not have the jurisdiction to do that, did not have the power to do that, to do what he did, which was, okay, file your petition and let us know what's, let us know the progress. And I think that's just wrong. I mean, I think that's incorrect as a matter of law for the district court in our case to say, no, that's, there's no remedy there. And I think that if there, if he had acknowledged that there was a remedy, then he goes from there and we see. Now, I can't go outside the record, but we're ready to roll. Okay. Do you want to save a little time? Yes, I would. Thank you, Your Honor. Morning, Your Honors. Robert Kesey for the appellee. The district court properly exercised its discretion in denying Putnam's request for Orion's stay. District court, um, was good cause. And, of course, there are three factors to look at. But in good cause, one of the justifications was that there was a problem with appellate counsel. Appellate counsel abandoned the petitioner. The problem is there's just no sufficient evidence to show what appellate counsel was hired to do. Was he hired to do the petition for review? We don't know. And in any case, he's not really obligated to do a petition for review if he finds no So should Dudek have advised Putnam of the habeas deadlines? I don't think he was obligated to do that either, Your Honor, because he's not hired for state habeas purposes. There's no obligation to do that. He's hired for an appellate brief, as far as we could tell. Well, does that failure impact the reasonableness of Putnam's actions? I don't think so, Your Honor, because after that occurred, and it's pretty clear that the appellate attorney broke off relations around May of 2016, the statute of limitations hadn't even started then. And Putnam hires not just one, but two post-habeas, post-conviction state habeas attorneys. And so on that basis, and not only that, but he in Superior Court. So given all that, it didn't really matter what appellate counsel did at that point. He had a lot of time and a lot of resources to be able to file an exhaustion petition, and he didn't do so. What claims, and I confess I couldn't figure it out, some claims you lose if you fail to make them on direct appeal. Some claims are available on collateral attack, ineffective assistance of counsel, of course, being one of them. What claims did he lose by failing to appeal to the California Supreme Court on direct appeal? The only claim he probably would have lost, Your Honor, would be the sufficiency of evidence claim, the record-based claim. That would probably be it. But he made four claims in Superior Court on state habeas. That's correct, Your Honor, yes. And they were? One was sufficiency of evidence, one was ineffective assistance of counsel with a variety of so-called errors, and then one was a prosecutorial misconduct, a variety of prosecutorial misconduct, and one was ineffective assistance of appellate counsel, I believe. What about that last point? Does Garza v. Idaho have any bearing on that, which says that the attorneys holding an attorney ineffective for failing to file a notice of appeal in light of the defendant's clear requests, and that is presumptively prejudicial? I will admit I didn't cite Garza v. Idaho, and I'm not familiar with it, Your Honor. Well, I'll tell you the facts. The defendant is found guilty, and after he's sentenced, wants to appeal, tells his lawyer, I want to appellate, or a good appeal, so he refuses to do it. And the Supreme Court says, if the, even in light of a plea agreement that waives the right to appeal, when the defendant says, I want to appeal, it's a, it's ineffective assistance of counsel if the lawyer doesn't file the notice of appeal. Here, Your Honor, just to not only was the notice of appeal filed, but an appeal was prosecuted on behalf of Putnam. It's just that the petition for review was never filed. We're not clear whether the appellate attorney was hired to do that, and there's no constitutional obligation to do that. There's certainly no obligation to do that if he finds the claims unmeritorious. But is there an obligation to file a petition for review on direct review in order to exhaust? No. No. You mean you say you can exhaust by filing direct appeal to the California Court of Appeal, you lose, and you're done? No. That exhausts for purposes of federal appellate review under 2254? No, I think you could, you could, you could exhaust via habeas, state habeas. No. But there's a claim, and I think, I, I agree with what you recited to me earlier. Yeah. There was a claim that if he did not make it on direct review, sufficiency of the evidence, if he doesn't make it on direct review, he cannot bring it on state habeas at that time. Well. So as to that claim, if he wants to exhaust, I think he has to petition to the California Supreme Court. I'm not sure about that because I do think there are exceptions to not bringing the claim in state court on direct appeal. Well, it's going to be a state law rule. Yeah. In terms of whether or not you can bring something on state habeas. Yes. That you could have brought on direct review and did not. Yes. Yes. And I might, although this has apparently not been briefed because I didn't see it, my instinct would be that having failed to get a decision from the California Court of, Supreme Court on that question, that's a, sorry you can't bring it now, on state habeas. There's going to be a procedural default in state court on that. There might be a procedural default. It's not clear because there are exceptions to that rule. And again. Do you have one in mind that would work? I don't have one in mind that would work. Yeah. As far as the further investigation justification, the ongoing investigation was speculative. It talked about this Thongzhi potential declaration, again, unsigned, but we don't really know what other investigation was taking place, which witnesses were going to be pursued and what they were planning to say or what they were hoping to get and what claims they were hoping to help. And in reality, it appears that this is the classic fishing expedition, ongoing investigation, not really there to protect the current claims, but there to expand it and try to get new claims that might be legitimate. And that's really not, in our, in our view, that's not what good cause should be about looking for new claims to try to put in the petition that's just acting as a placeholder, essentially. Furthermore, this justification about worried about filing a timely petition or piecemeal petition, that seems to be a little bit of an after the fact justification because in the original petition, federal habeas petition, these issues aren't raised in terms of the and they're, they're somewhat speculative as well. As far as the Pace protected petition goes, Council suggests this case is like Pace, but Pace is obviously much different in context, as this court knows, because there was a pending state habeas, there was pending state habeas petitions, and that's what's contemplated essentially by the Pace protected petition. It's an issue about statutory tolling and proper presentation of petitions. There was no pending petition here toward the end of the limitations period. So there's really no concern for timeliness. And if there is a concern that he might be untimely, the solution isn't to delay further, but to file the petition. And then finally, as we've talked about, the instant claims have no potential merit. We went through that in our brief, pretty, in a pretty detailed manner, and we believe that petitioner has not carried his burden on that prong either. And so in light of that, we'd ask that this court affirm the petition. Thank you. Thank you. You've saved some time. Very briefly, Your Honor, just on the proposed declaration, inasmuch as the court brought it up, the thongsy declaration says, in fact, I never informed Mr Putnam of the girl's existence, let alone their activities in the period prior to his departure to Seattle and during his absence. Mr Putnam did not learn the existence of either of the girls until August 1 at the earliest. So I think it's fairly strong from the merits. But just I want to address the issue of filing a notice of appeal or not. Unfortunately, former counsel was, as the court knows, was non-cooperative. But if you read the documents that we've provided, Mr Putnam sure believed and was of the opinion that this had to be that he was supposed to preserve his right, that he was supposed to follow through with the appeal to preserve his remedies in the State Supreme Court. I mean, if rather than say that the attorney says, oh, no, and Mr. Putnam hangs his head and goes home, he wasn't accepting that. This was his belief, and this was his very firm belief that this is the way it was. And I think that's a very important factor if you're going to evaluate reasonableness, because here is a guy who is who this is this is what he thinks. Now, if he if he would have made a mistake, I mean, there's in cases such as Blake v. Baker, which we cite in others, if I mean, if there's confusion, that's good cause. So anyway, that would conclude my comments. Okay. Thank you very much. Thank both sides for their arguments. Thank you, Your Honor. Case of Putnam versus California Attorney General submitted for decision.
judges: W. Fletcher, R. Nelson, Molloy